**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Julio Iglesias, | ) | No. CV 11-01891-PHX-FJM |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| City of Goodyear, | ) | |
| | ) | |
| Defendant. | ) | |

The court has before it defendant's partial summary judgment motion re: notice of claim defenses (doc. 52), defendant's statement of facts (doc. 53), plaintiff's response (doc. 64), and defendant's reply (doc. 73), and defendant's motion for Rule 37(d) sanctions and request for Rule 16 status conference (doc. 58), plaintiff's response (doc. 65), and defendant's reply (doc. 66).

A.R.S. § 12-821.01 provides that any person with claims against a public entity or public employee must file a notice of claim within 180 days after the cause of action accrues. "The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount." § 12-821.01(A). "If a notice of claim is not properly filed within the statutory time limit, a plaintiff's claim is barred by statute." Falcon ex rel. Sandoval v. Maricopa Cnty., 213 Ariz. 525, 527, 144 P.3d 1254, 1256 (2006).

Plaintiff submitted a timely notice of claim to defendant on April 13, 2011. According to this notice, plaintiff was hired by defendant as a police officer and was

promoted to Judicial Enforcement Officer in 2006. In December 2009, plaintiff gave a memoradum to his supervisor outlining suspected "unethical/improper conduct [] which might expose Goodyear to liability." (Doc. 53, ex. A at 2). Plaintiff also gave this memorandum to the director of human resources and the city attorney on February 12, 2010. On February 19, plaintiff was placed on administrative leave pending the results of an internal affairs investigation.

Throughout 2009 and 2010, plaintiff alleges that he was given conflicting information by city personnel. A police sergeant told him to only take orders from law enforcement personnel, but the civilian court administrator told him not to engage in law enforcement activities. Four incidents in which plaintiff helped apprehend criminal suspects were investigated by the February 2010 notices of investigation. In April 2010, plaintiff was terminated for insubordination. In May 2010, however, he was permitted to enter a "last chance" agreement with defendant. He was re-hired as a Judicial Enforcement Officer and stripped of all law enforcement duties. After a confrontation with a teacher's aide at his children's school in December 2010, defendant terminated plaintiff's employment for violating his last chance agreement. A termination hearing was held and the termination was upheld.

In his notice of claim, plaintiff identified his legal claims as "§ 1983 Action for Violation of First Amendment Right of Free Speech & Equal Protection Violation," "Violation of State & Federal Procedural & Substantive Due Process of Life, Liberty & Property," and "Intentional Infliction of Emotional Distress" (doc. 53, ex. A). He also included a specific amount for which his claims could be settled and supporting facts.

Defendant contends that it should be granted partial summary judgment on counts one and two of plaintiff's amended complaint, which allege wrongful termination in violation of Arizona's Employment Protection Act ("AEPA") and wrongful termination in breach of the implied covenant of good faith and fair dealing. According to defendant, these claims should be dismissed because the notice does not reference these legal theories or provide facts that could have alerted defendant that plaintiff contemplated asserting such claims.

1   To ultimately prevail on his AEPA claim, plaintiff must show that defendant terminated him in violation of a state statute or public policy, in retaliation for plaintiff's refusal to violate the state constitution or statutes, or in retaliation for plaintiff's disclosure that he reasonably believed defendant or an employee of defendant had violated the state constitution or statutes. Defendant argues that his AEPA claim must fail because the notice does not refer to defendants' policies or allege that the termination was in violation of a state statute, constitution, or public policy.

A.R.S. § 12-821.01 is not designed "to convert a notice of claim into an early legal complaint. Although a notice of claim must apprise the public entity of the basis of liability, it need not satisfy the pleading standards of Twombly and Iqbal." Mitchell v. City of Flagstaff, No. CV 11-8140-PCT-FJM, 2011 WL 5826014, at *1 (D. Ariz. Nov. 18, 2011). "The omission of a legal buzzword from a notice of claim will not render it defective if facts are stated that enable an entity to understand the basis of liability." Id. at *2. Plaintiff's notice of claim centered on his termination from employment. It would have been reasonable for defendant to infer that plaintiff would likely raise claims under a statute which provides a cause of action for wrongful termination. The omission of this legal theory from plaintiff's notice of claim is not fatal to his case because the facts supporting his AEPA claim were stated in his notice.

Defendant finds fault with plaintiff's notice for not referring to the specific city policies listed in his amended complaint. Without a reference to a city policy or policies supporting free speech, it contends plaintiff can have no claim under § 23-1501(3)(b), termination in violation of a statute or public policy. However, plaintiff's notice refers to freedom of speech in relation to the First Amendment to the United States Constitution. It would be reasonable for defendant to infer that plaintiff may assert other claims relating to free speech. In addition, the notice quotes a portion of a letter sent from defendant to plaintiff in December 2010, asserting that he "violat[ed] provisions in the City's Administrative Guidelines and Policies, which [he] contractually agreed to follow" (doc. 53, ex. A at 7).

1  Next, defendant states that plaintiff cannot assert a claim under A.R.S. § 23-
2 1501(3)(c)(i) because the notice makes no allegation that his employment was terminated for
3 his refusal to commit an act or omission that would violate the state constitution or statutes.
4 But the notice does contend that plaintiff was disciplined for apprehending a reckless driver
5 while off duty, despite the fact that off-duty officers are required "to respond with
6 appropriate police action to any criminal activity coming to their attention." (Doc. 53, ex.
7 A at 3 n.4). He also alleges that he was investigated for performing law enforcement duties
8 and was ultimately terminated for using his police radio while off-duty (doc. 53, ex. A at 4).
9 If the requirement that police officers respond to criminal activity while off duty is statutory,
10 then plaintiff would have violated state statutes by failing to respond. A termination in
11 retaliation for plaintiff's refusal to stop responding to criminal activity would thus be a
12 violation of § 23-1501(3)(c)(i). The facts included in the notice of claim were sufficient for
13 defendant to investigate its potential liability.

14  Finally, defendant argues that the notice contains only a "vague, passing reference"
15 that plaintiff's termination in 2010 related to his 2009 memorandum, and therefore it cannot
16 support a claim under § 23-1501(3)(c)(ii), termination for disclosing employer's or
17 employee's violation of law. A vague, passing reference may not meet the pleading standard
18 of Iqbal, but it is sufficient for a notice of claim. "[T]he notice of claim statute does not
19 require claimants to plead each required element of a cause of action. The notice need only
20 contain facts sufficient for the public entity to understand and investigate the claim."
21 Mitchell, 2011 WL 5826014, at *3.

22  The same logic supports denial of defendant's motion as to count two, breach of the
23 covenant of good faith and fair dealing. Contrary to defendant's argument, the omission from
24 the notice of the words "breach" and "good faith and fair dealing" does not bar this claim.
25 Nor does the omission of legal terms such as "special relationship" or "superior bargaining
26 power." "The law implies a covenant of good faith and fair dealing in every contract."
27 Rawlings v. Apodaca, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986). Therefore, the last
28 chance agreement contains an implied covenant of good faith and fair dealing. In his notice,

- 4 -

plaintiff quotes portions of this contract and a letter in which defendant stated: "This verbal confrontation clearly violates the express terms of your Last Chance Agreement as they relate to your contacts with the general public." (Doc. 53, ex. A at 7). The claim provides enough facts for defendant to understand that plaintiff might assert a claim for breach of the covenant of good faith and fair dealing implied in the last chance agreement.

Defendant also moves for sanctions under Rule 37(d), Fed. R. Civ. P. (doc. 58). Neither plaintiff nor his lawyer appeared for his deposition on June 21, 2012. Defendant seeks fees and costs caused by the failure to appear. The court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(d)(3), Fed. R. Civ. P. Plaintiff has not offered a substantial justification for his non-appearance.

Defendant has not requested a specific amount for sanctions, nor has it identified its expenses caused by plaintiff's failure to appear. Sanctions must be reasonable in amount, "particularly so where, as here, the amount of the sanction is based upon the attorney's fees claimed by the other party." In re Yagman, 796 F.2d 1165, 1184, amended on other grounds, 803 F.2d 1085 (9th Cir. 1986). The court must assess the reasonableness of sanctions based on attorneys' fees, but cannot do so without knowing the amount of fees sought by defendant.

**IT IS ORDERED DENYING** defendant's partial summary judgment motion re: notice of claim defenses (doc. 52).

**IT IS FURTHER ORDERED GRANTING** the motion for sanctions (doc. 58) and that defendant submit an application for attorneys' fees caused by plaintiff's failure to appear at his deposition within 10 days of the filing of this order. The application shall include a task-based itemized statement of fees and expenses. Plaintiff may file a response within 10 days of the filing of defendant's application.

DATED this 23rd day of August, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge