**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julio Iglesias, ) | No. CV 11-01891-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| City of Goodyear, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it defendant's application for attorneys' fees and costs (doc. 93). The court granted defendant's motion for sanctions on August 24, 2012, instructing defendant to file an application for fees and an itemized statement of fees and expenses and granting plaintiff ten days from the filing of defendant's application to respond (doc. 90). Plaintiff did not respond and the time for doing so has expired.

Pursuant to Rule 37(d)(3), Fed. R. Civ. P., "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [of a party to appear for his deposition], unless the failure was substantially justified or other circumstances make an award of expenses unjust." The burden of showing substantial justification is on the party being sanctioned. Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 784 (9th Cir.1983). A finding of bad faith is not required before sanctioning a party or his lawyer. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994). Sanctions may be imposed even for negligent behavior.

1  Lew v. Kona Hosp., 754 F.2d 1420, 1426-27 (9th Cir. 1985).

2      Defendant requests $2,337.75 in attorneys' fees and costs incurred by the failure of
3  plaintiff and plaintiff's counsel to appear for plaintiff's deposition. The hourly rate and hours
4  worked are both reasonable. Plaintiff and his lawyer make no argument that his failure to
5  appear was justified or that an award of fees and expenses is unjust.

6      Plaintiff states in his response to defendant's motion for sanctions that "Defendant was
7  fully aware that the deposition had been cancelled and did not incur any additional cost as
8  a result" (doc. 65). This is unsupported by the record. When plaintiff called defendant's
9  lawyer directly to ask whether his deposition was happening the following day, the lawyer
10 explained that she could not speak with a represented party and directed him to his own
11 lawyer. Upon notifying plaintiff's lawyer of this call, he said that he believed his client
12 planned to show up for the deposition but that he would not be there. When asked for
13 clarification, his answer was unclear. He did not seek to postpone the deposition by
14 requesting a delay from defendant's lawyer or by filing a motion with this court.
15 Accordingly, plaintiff's lawyer should be jointly responsible for sanctions.

16     **IT IS ORDERED GRANTING** defendant's application for attorney's fees and costs
17 (doc. 93). Defendant is awarded sanctions in the amount of $2,337.75. Plaintiff and his
18 lawyer are jointly and severally liable for payment.

19     DATED this 20th day of September, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -